# ORIGINAL

*Exh 1-8*

## UNITED  STATES  DISTRICT  COURT

U.S. DIST. COURT CLERK
EAST DIST. MICH
FLINT

### EASTERN  DISTRICT  OF  MICHIGAN

2007 APR 13  A  9: 06

#### AT FLINT

FILED

TEKERA M.  BOYD,

      Plaintiff,

v

FLINT HOUSING COMMISSION

LATWEETA WYNN, in her official
capacity as Director of the Section 8
Program of the Flint Housing Commission,

LAWRENCE D. WILLIAMS in his official
capacity as Executive Director of the
Flint Housing Commission,

      Defendants.

CASE NO. 07-**07 - 11660**

JUDGE **VICTORIA A. ROBERTS**

**COMPLAINT FOR DECLARA-
TORY AND INJUNCTIVE
RELIEF**

---

LEGAL SERVICES OF EASTERN MICHIGAN
Christopher Pasini  (P40108)
Jill Nylander (P45371)
Attorneys for Plaintiff
436 S. Saginaw Street
Flint, MI  48502
(810) 234-2621

---

## COMPLAINT  FOR  DECLARATORY  AND  INJUNCTIVE   RELIEF

### PRELIMINARY  STATEMENT

1.     This action is based on Plaintiff's entitlement to continued participation in the

Section 8 Housing Choice Voucher Program (Voucher Program) administered by

the Flint Housing Commission (FHC), the public housing authority (PHA) for the

City of Flint, Michigan.  The FHC wrongly terminated Plaintiff from the program

by not granting Plaintiff's requests for a pre-termination grievance hearing to challenge her wrongful termination, by not providing her with adequate notice of her grievance hearing rights, and by improperly determining that she had not reported income to the FHC.

2.   The Voucher Program is governed by 42 U.S.C. §1437f, the Code of Federal Regulations and the due process clause of the 14th amendment of the United States Constitution.   The purpose of the Voucher Program is to provide lower income families with safe, decent affordable and sanitary housing.

3.   Plaintiff seeks a declaration that her termination from the Voucher Program by Defendants violates the due process requirements of 24 C.F.R. § 982.555 and the due process clause of the fourteenth amendment of the United States Constitution.

4.   Consistent with the foregoing, Plaintiff also seeks to enjoin Defendants to reinstate her as a participant in the Voucher Program and to issue her a voucher with which she can immediately obtain federally assisted rental housing under the Voucher Program.

## JURISDICTION

5.   This Court has jurisdiction to try this case under 28 U.S.C. ξ 1331 because it concerns a "federal question" litigation comprising a civil action arising under the laws of the United States.

6.   Jurisdiction is also conferred by 28 U.S.C. ξ 1343(a)(3) and (a)(4).

7.   Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. ξ 2201 and 2202 with respect to the Defendants.

## PARTIES

8.   Plaintiff Tekera Boyd is a natural person residing in Flint, Michigan.

9.   The Flint Housing Commission is a sub-division of the City of Flint, State of Michigan and is a person within the scope 42 U.S.C. 1983.

10.  Defendant Latweeta Wynn is the FHC official responsible for administering the Voucher Program operated by the FHC and has personally made all administrative decisions material hereto.  She is sued in her official capacity.

11.  Defendant Lawrence Williams is the Interim Executive Director of the FHC and is the person responsible for overseeing the FHC's administrative decisions.  He is sued in his official capacity.

## STATUTORY AND REGULATORY BACKGROUND

12.  As set forth in 42 U.S.C. 1437f(a), the Voucher Program was established by Congress under the following policy:

> For the purpose of aiding lower income families in obtaining a decent place to live and of promoting economically mixed housing, assistance payments may be made with respect to existing housing in accordance with the provisions of this section.

13.  The Voucher Program operates as follows:  The United States Department of Housing and Urban Development (HUD) authorizes public housing authorities (PHAs), including the FHC, to issue a fixed number of vouchers to assist low income households in obtaining affordable housing.  HUD also provides funds to the PHA to run the program.  After being admitted to the Voucher Program, the participant (as Plaintiff was before her wrongful termination) then looks for a

rental unit which meets the HUD Housing Quality Standards (HQS) and whose owner is willing and eligible to participate. Once the PHA approves the tenancy, a lease and addendum are signed by the participant tenant and the owner/landlord, and the PHA and the owner enter into a Housing Assistance Payments (HAP) contract. Under this arrangement, the tenant family pays at least 30% of its adjusted income towards the "contract" rent (e.g., market rent), and the PHA pays the remainder of the contract rent to the owner, in the form of a HAP subsidy. The PHA takes information from the participant in order to calculate the participant's share of the rent in a process called "rent certification". Once the tenant reaches this point, the tenant remains a participant in the Voucher Program unless she withdraws or the PHA terminates her from the program pursuant to federal rules. See, generally, 42 U.S.C. 1437f; 24 C.F.R. § 982.

14.    24 C.F.R. ξ 982.551(b) states that a participating family:

> (2) . . . must supply any information
> requested by the PHA or HUD for use in a
> regularly scheduled reexamination or
> interim reexamination of family income
> and composition in accordance with HUD
> requirements.

15.    Under 24 C.F.R. § 982.552(c)(i), the PHA may terminate assistance for a Voucher Program participant because of the participant family's action or failure to act where "the family violates any family obligations under the program (see ξ 982.551)".

16.    24 C.F.R. ξ 982.555 provides that Voucher Program participants are entitled to specific procedural rights related to a PHA's decision to terminate a participant's Section 8 voucher.

17.   24 C.F.R. § 982.555(a)(1)(v) states that a PHA must give a participant family an opportunity for an informal hearing to consider whether the PHA's decision to terminate is in accordance with the law, HUD regulations and PHA policies regarding a "determination to terminate assistance for a participants family because of the family's action or failure to act" (see § 982.552)."

18.   24 C.F.R.§ 982.555(a)(2) states that in cases "described in paragraphs (a)(1)(iv), (v) and (vi) of this section, the PHA must give an opportunity for an informal hearing before the PHA terminates housing assistance payments for the family."

19.   Under 24 C.F.R. § 982.555(c)(2), the PHA must give the family prompt written notice that the family may request a hearing. The notice must;

     (i)    Contain a brief statement of reasons for the decision,
     (ii)   State that if the family does not agree with the decision, the family may request an informal hearing on the decision, and,
     (iii)  State the deadline for the family to request an informal hearing.

20.   24 C.F.R. § 982.555(d) requires the PHA to proceed with a required hearing in a "reasonably expeditious manner upon the request of the family."

## FACTS

21.   Plaintiff and her family were Voucher Program participants when on or about October 27, 2005, the FHC mailed a notice of that same date addressed to Plaintiff who received it on or about October 29, 2005. That notice states that effective December 1, 2005 Plaintiff was "no longer eligible to participate in the Voucher Program due to …unreported income in 2003 and 2004." A copy of the notice is attached and labeled Plaintiff's Exhibit #1.

22.  The notice did not comply with the 24 C.F.R. § 982.555(c)(2)(iii) requirement that it state a deadline by which the Plaintiff's family had to request an informal hearing to challenge the decision to terminate her participation in the program. It also did not state what income she allegedly did not report. Also, there was no enclosed copy of the FHC Grievance Hearing Procedure alluded to in the notice. See attached Plaintiff's Exhibit #1 which is a copy of the notice.

23.  On or about November 2, 2005, Plaintiff dropped off a letter at the FHC office addressed to Defendant Latweeta Wynn in which she protested the termination of her participation from the Voucher Program, asserted that she had reported all family income and requested Ms. Wynn to contact her if further information was needed. A full copy of the letter is attached hereto and is labeled Plaintiff's Exhibit #2.

24.  The FHC's grounds for termination that Plaintiff did not report her income for 2003 and 2004 are false.

25.  Plaintiff had faxed the FHC her employment earnings record for 2003 on July 8, 2003. A copy of the earnings record is attached hereto and is labeled Plaintiff's Exhibit #3.

26.  A copy of the fax Transmission Verification Report dated July 8, 2003 is attached hereto and is labeled Plaintiff's Exhibit #4.

27.  Plaintiff reported her employment earnings for 2004 to the FHC by fax on August 3, 2004. A copy of the earnings record is attached hereto and is labeled Plaintiff Exhibit #5. A copy of the fax transmission report is attached hereto and is labeled Plaintiff's Exhibit #6.

28.   Plaintiff also reported to the FHC all other family income including her son's former receipt of Retirement Survivor's Disability Insurance.

29.   Defendants did not respond to Plaintiff's November 2, 2005 letter until the first week of December, 2005 when Defendant Wynn left her a telephone message to call her back.

30.   Throughout December, 2005, Plaintiff left several telephone messages with the FHC in which she stated that she wanted to meet with an FHC official, including Defendant Latweeta Wynn, to show why she should not be terminated from the Voucher Program.

31.   Defendant Latweeta Wynn did not further respond to Plaintiff's telephone messages until on or about December 27, 2005 at which time she told Plaintiff that she would be contacted later.

32.   On or about January 11, 2006 Defendant Latweeta Wynn sent Plaintiff a letter accusing her of fraud but not granting Plaintiff a hearing.  Plaintiff received the letter without any other enclosure.  A copy of the letter is attached hereto and labeled Plaintiff's Exhibit # 7.

33.   Objecting to the allegation of fraud, on or about January 24, 2006, Plaintiff dropped off at the FHC office an explicit request for a hearing directed to Defendant Latweeta Wynn.  A copy of this two page hearing request is attached hereto and labeled Plaintiff's Exhibit # 8.

34.   Defendants still did not grant Plaintiff a hearing despite her explicit request for one.

35. Defendants never gave Plaintiff proper notice or the hearing to which she was entitled. This deprived Plaintiff of her Voucher Program participation property right and of her due process rights afforded under 42 U.S.C. 1437f, 24 C.F.R. § 982.551-.555 and the due process clause of the 14th amendment of the United States Constitution.

## CAUSE OF ACTION

### Violation of the right to due process of law as guaranteed by the Fourteenth amendment of the United States Constitution and 42 U.S.C. § 1983

36. Defendants' termination of Plaintiff's participation in the Voucher Program without proper notice and without an opportunity for a pre-termination hearing violates the her due process rights under the 14th amendment of the United States Constitution, 42 U.S.C. 1437f, and 24 C.F.R. § 982.555.

37. As a result of Defendants' violation of Plaintiff's constitutionally secured rights, Plaintiff has suffered injury, for which Defendants, who were acting under color of state law, are liable, under 42 U.S.C. 1983.

## REQUEST FOR RELIEF

Plaintiff Takera Boyd requests that this Court:

A. Find and declare that Defendants' termination of Plaintiff's participation in the Section 8 Housing Choice Voucher Program without giving her proper notice or a pre-termination hearing violated Plaintiff's rights under 42 U.S.C. 1437f, 24 C.F.R. § 982.555, and the 14th amendment of the United States Constitution.

B. Issue a preliminary injunction and permanent injunction enjoining Defendants to immediately issue Plaintiff a Section 8 Housing Choice Voucher and to reinstate

8

Plaintiff to the Section 8 Housing Choice Voucher Program which Defendants administer.

C.      Grant Plaintiff the costs and fees incurred as a result of this action.

D.      Grant Plaintiff such other and further relief that is fair, just, proper, legal and equitable.

Respectfully submitted,

Dated: __04/09/07__               _Christopher Pasini_
                                  LEGAL SERVICES OF EASTERN MICHIGAN
                                  Christopher Pasini (P-40108)
                                        and
                                  Jill Nylander  (P45371
                                  Attorneys at Law
                                  436 S. Saginaw Street
                                  Flint, MI  48502
                                  (810) 234-2621



# FLINT HOUSING COMMISSION

3820 Richfield Rd • Flint, Michigan 48506
Phone: (810) 736-3050

*Mr. Gail Edward*

MI 9-1
Richart Manor (Elderly)
902 E. Court St. 48503.

MI 9-2
Howard Estates (Family)
801 Floral Park 48503
(810) 234-4614

MI 9-3
Atherton East (Family)
3123 Chambers 48507
(810) 742-4810

MI 9-4
Garland Apartments (Elderly)
829 & 906 Garland St 48503

MI 9-5
River Park Apartments (Family)
7002 Pemberton Dr. 48505
(810) 789-3464

MI 9-6
Centerview Apartments (Elderly)
2001 N. Center Rd. 48506

MI 9-7
Forest Park (Elderly)
4060 M.L. King Ave. 48505

MI 9-8 & MI 9-10
Scattered Sites (Family)

MI 9-11
Mince Manor (Elderly)
3800 Richfield Rd. 48506
(810) 736-3377

MI 9-14
Aldridge Place (Family)
5838 Edgar Holt Drive 48505
(810) 785-8102

MI 9-15
Kenneth M. Simmons Square
(Elderly)
2101 Stedron 48504
(810) 787-5910

Section 8 Program
(810) 736-3050

OCTOBER 27, 2005

TEKERA BOYD

3702 WINONA STREET

FLINT, MI   48504

Dear TEKERA BOYD :

Please be advised this letter serves as official notice that effective DECEMBER 01, 2005 you are no longer eligible to participate in the Section 8 Program due to the following item(s) checked below:

- o   **No Contact with Section 8 Department**
- o   **Certification Expired**
- o   **No Show for Scheduled Appointment**
- o.  **No Response to Recertification Letter**
- o   **Moved Without Required Proper Notice**
- o   **Remained Over-Income after 6 Months**
- ⊗   **Violation of Section 8 Policy** UNREPORTED INCOME  IN 2003 & 2004
- o   **Other**_____

If you disagree with this decision, you may submit, **IN WRITING** to this office, a reque for an informal hearing. If applicable, a copy of the Grievance Hearing Procedures is attached.

*Denise Courtney*

Sincerely,

SECTION 8 DEPARTMENT STAFF

CC: FAIRHAVEN SDA CHURCH



PLAINTIFF'S   EXHIBIT 1

*TDD:* (810) 736-5212          *FAX:* (810) 736-0158

05 NOV -2 PM 2:08

Dear, Mrs. Wynn

My name is Tekira Boyd, I'm writing to you in regards of a notice I recieved 10-29-05 stating I will no longer be eligible for Section 8. It stated on notice I didn't report income for 2003 & 2004. Mrs. Wynn "I totally disagree with that information, everything that was asked of me to report, I reported by fax, I spoke with Courtney Blackwell Nov 1, 05 to try to get some understanding and to tell her everything was reported right down to the change of my son's RSDI he recieves every month. All I have (if you would accept) is my copies of what was faxed to Sec. 8.

I can be reached at (810) 785-8106 n (810) 814-0771 for further information you may need

Thank you
Mrs. Boyd

PLAINTIFF'S EXHIBIT 2

07/08/2003  10:35   810-230-80      QUALIFIED STAFFING                    PAGE  01

EMPLOYEE CHECK HISTORY INQUIRY                                07/08/2003

PR320.ONE

EMPLOYEE:  BOYD, TEKERA                    EMPLOYER:  Q-TEMPS
  S S #:  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                      ADDRESS:  3304 STONEBRIDGE DRIVE BUILDING D
                                           CY/ST/ZIP:  FLINT         MI  48532

FOR PERIOD:  01/01/2003 TO 12/31/2003

| W/E DT. | CHECK DATE | CHECK # | GROSS PAY | FICA W/H | FEDTAX W/H | STATE W/H | LOCAL W/H | SDI W/H | DEDUCTS | MISC. PAY | NET PAY | HOURS REG. | O.T. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/27 | 05/01/2003 | 108441 | 95.00 | 7.34 | .00 | .00 | .94 | .00 | .00 | .00 | 87.70 | 16.00 | .00 |
| 05/04 | 05/08/2003 | 109389 | 222.00 | 16.98 | 5.37 | 4.38 | 2.32 | .00 | .00 | .00 | 193.05 | 37.00 | .00 |
| 05/11 | 05/15/2003 | 110276 | 174.00 | 13.31 | .00 | .00 | 1.74 | .00 | .00 | .00 | 158.95 | 29.00 | .00 |
| 05/18 | 05/22/2003 | 111239 | 144.00 | 11.02 | .00 | .00 | 1.44 | .00 | .00 | .00 | 131.54 | 24.00 | .00 |
| 05/25 | 05/29/2003 | 112089 | 188.70 | 14.44 | .00 | .00 | 1.89 | .00 | .00 | .00 | 172.37 | 31.45 | .00 |
| 06/01 | 06/05/2003 | 113118 | 187.80 | 14.36 | .00 | .00 | 1.88 | .00 | .00 | .00 | 171.56 | 31.30 | .00 |
| 06/08 | 06/12/2003 | 114121 | 305.70 | 23.38 | 2.01 | 3.08 | 3.06 | .00 | .00 | .00 | 274.17 | 40.00 | 7.30 |
| 06/15 | 06/19/2003 | 115096 | 192.00 | 14.68 | .00 | .00 | 1.92 | .00 | .00 | .00 | 175.40 | 32.00 | .00 |
| 06/22 | 06/26/2003 | 116067 | 170.70 | 13.06 | .00 | .00 | 1.71 | .00 | .00 | .00 | 155.93 | 28.45 | .00 |
| 06/29 | 07/03/2003 | 116576 | 192.00 | 14.68 | .00 | .00 | 1.92 | .00 | .00 | .00 | 175.40 | 32.00 | .00 |
| | | | 1872.90 | 143.25 | 7.38 | 7.46 | 18.74 | .00 | .00 | .00 | 1696.07 | 301.20 | 7.30 |

PLAINTIFF'S  EXHIBIT # 3

C/O Courtney Blackwell

TRANSMISSION VERIFICATION REPORT

TIME  :  07/08/2003 11:41
NAME  :  HUMAN INVESTMENT
FAX   :  8104247041
TEL   :  6102356011

Tekera Boyd

| | |
|---|---|
| DATE,TIME | 07/08  11:41 |
| FAX NO./NAME | 107360159 |
| DURATION | 00:00:23 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

PLAINTIFF'S  EXHIBIT  # 4

'09/03/2004  08:42    810-230-806              QUALIFIED STAFFING                    PAGE  01

PR320.QNE                         EMPLOYEE CHECK HISTORY INQUIRY                      08/03/2004

EMPLOYEE:  BOYD, TEKEYA                                  EMPLOYER:  Q-TEMPS
   S.S.#:  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                                   ADDRESS:   2304 STONEBRIDGE DRIVE BUILDING D
                                                         CY/ST/ZIP: FLINT          MI  48532

FOR PERIOD:  01/01/2004 TO 12/31/2004

|-------------------------------------------------| C H E C K S |-------------------------------------------------|
| W/E | CHECK | CHECK | GROSS | FICA | FEDTAX | STATE | LOCAL | SDI | DEDUCTS | MISC. | NET | HOURS | |
| DT. | DATE | # | PAY | W/H | W/H | W/H | W/H | W/H | | PAY | PAY | REG. | O.T. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/11 | 04/15/2004 | 158357 | 286.00 | 19.58 | .00 | .70 | 2.56 | .00 | .00 | .00 | 233.16 | 32.00 | .00 |
| 04/18 | 04/22/2004 | 159704 | 320.00 | 24.48 | 3.05 | 3.26 | 3.20 | .00 | .00 | .00 | 286.01 | 40.00 | .00 |
| 04/26 | 04/28/2004 | 160525 | 361.20 | 21.51 | .00 | 1.71 | 2.81 | .00 | .00 | .00 | 355.17 | 35.15 | .00 |
| 05/02 | 05/06/2004 | 161733 | 320.00 | 24.48 | 3.05 | 3.26 | 3.20 | .00 | .00 | .00 | 286.01 | 40.00 | .00 |
| 05/09 | 05/13/2004 | 162468 | 330.00 | 25.96 | 4.85 | 3.98 | 1.38 | .00 | .00 | .00 | 299.93 | 40.00 | 1.50 |
| 05/16 | 05/20/2004 | 163491 | 312.00 | 23.86 | 2.25 | 2.94 | 3.12 | .00 | .00 | .00 | 279.83 | 39.00 | .00 |
| 05/23 | 05/27/2004 | 165105 | 312.00 | 23.86 | 2.25 | 2.94 | 3.12 | .00 | .00 | .00 | 279.83 | 39.00 | .00 |
| 6/23 | 06/03/2004 | 166265 | 9.00 | .69 | .00 | .00 | .09 | .00 | .00 | .00 | 8.22 | .00 | .25 |
| 5/30 | 06/03/2004 | 166266 | 380.00 | 29.07 | 9.05 | 5.66 | 1.80 | .00 | .00 | .00 | 332.42 | 40.00 | 5.00 |
| 6/06 | 06/12/2004 | 167102 | 200.00 | 15.93 | .00 | .00 | 2.08 | .00 | .00 | .00 | 170.00 | 26.00 | .00 |
| 6/13 | 06/17/2004 | 169074 | 320.00 | 24.48 | 3.05 | 3.26 | 3.20 | .00 | .00 | .00 | 286.01 | 40.00 | .00 |
| 6/20 | 06/24/2004 | 169676 | 320.00 | 24.48 | 3.05 | 3.26 | 3.20 | .00 | .00 | .00 | 286.01 | 40.00 | .00 |
| 6/27 | 06/30/2004 | 170303 | 320.00 | 24.48 | 3.05 | 3.26 | 1.20 | .00 | .00 | .00 | 286.01 | 40.00 | .00 |
| 7/04 | 07/08/2004 | 171619 | 320.00 | 24.48 | 3.05 | 3.18 | 3.20 | .00 | .00 | .00 | 286.09 | 40.00 | .00 |
| 7/11 | 07/15/2004 | 172781 | 172.00 | 13.15 | .00 | .00 | 1.72 | .00 | .00 | .00 | 157.13 | 21.50 | .00 |
| 7/18 | 07/22/2004 | 173530 | 350.00 | 26.76 | 6.05 | 4.35 | 3.50 | .00 | .00 | .00 | 309.33 | 40.00 | 2.50 |
| 7/25 | 07/29/2004 | 174467 | 369.80 | 28.29 | 8.03 | 5.12 | 3.70 | .00 | .00 | .00 | 324.66 | 40.00 | 4.15 |
| 8/01 | 08/12/2004 | 176712 | 350.00 | 26.78 | 6.05 | 4.35 | 3.50 | .00 | 286.09 | .00 | 23.23 | 40.00 | 2.50 |

                5258.00    403.33    56.83    51.23    52.58    .00    286.09    .00    4409.04    632.65    16.40

PLAINTIFF'S  EXHIBIT  # 5

TRANSMISSION VERIFICATION REPORT

```
TIME  : 08/03/2004 10:50
NAME  : HUMAN INVESTMENT
FAX   : 8104247841
TEL   : 8103356011
```

```
DATE,TIME          8/03  10:50
FAX NO./NAME       107360158
DURATION           0:00:36
PAGE(S)            2
RESULT             OK
MODE               STANDARD
```

Faxeat on
8·3·04
C/O C. Blackwell

PLAINTIFF'S    EXHIBIT # 6



# FLINT HOUSING COMMISSION

3820 Richfield Road, Flint, Michigan 48506
Phone: (810) 736-3050 Fax: (810) 736-0158

January 11, 2006

Tekera Boyd
3702 Winona St
Flint, MI 48504

Dear Ms. Boyd

This letter is to inform you of the outstanding balance owed to the Flint Housing Commission. There was a total amount of income received by your household that was not reported to Section 8. Because you received income and did not report it, your Section 8/Housing Choice Voucher was terminated.

The unreported income was calculated and included into the income that was actually reported to Section 8 and the difference between what was paid and what should have been paid is to be paid back to Section 8 for the overpayment. Our records indicate that you owe to the Flint Housing Commission $ 7472.00 .

You are being advised to clear your account with the Flint Housing Commission. You must contact this office no later than 1/24/06 to set up payment arrangements. If you do not contact this office by 1/24/06 the amount owed will be sent to the collections agency. This information will also be placed on your credit report and sent to HUD and reported as fraud.

Enclosed, please find a copy of a Payment Agreement form. Please complete out the Payment Agreement form and return to this office as soon as possible.

Should you have any questions or concerns, please feel free to contact us at (810) 736-3050.

Sincerely,

Latweeta Wynn, MSW
Director
Housing Choice Voucher Program

Cc: file

PLAINTIFF'S EXHIBIT # 7

TO: Ms. Wynn

I Tekera

Drop Off notice
of hearing
1/24/06

PLAINTIFF'S   EXHIBIT # 8

To: Ms. Wynn

I Tekera Boyd would like to request a formal hearing (Grievance Procedure) in regards of my eligibility for Sec 8.

Thank you

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Tekera M. Boyd

U.S. DIST. COURT CLERK
EAST DIST. MICH
FLINT

**DEFENDANTS**

Flint Housing Commission, Latweeta Wynn and Lawrence D. Williams in their official capacities as officers of the Flint Housing Commission

07 - 11660

**(b)** County of Residence of First Listed Plaintiff    Genesee
(EXCEPT IN U.S. PLAINTIFF CASES)

2007 APR 13 A 9: 08

County of Residence of First Listed Defendant    Genesee
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

VICTORIA A. ROBERTS
DONALD A. SCHEER

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Legal Services of Eastern Michigan/Christopher Pasini P40108/Jill Nylander P45371
436 S. Saginaw St. Flint, MI 48502
(810) 234- 2621

FILED

Attorneys (If Known)

## II. BASIS OF JURISDICTION    (Select One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☑ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☑ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN    (Select One Box Only)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1437f, 42 U.S.C. 1983

Brief description of cause:
Defendants wrongfully terminated Plaintiff's Section 8 Housing Choice Voucher

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**
Injunctive relief

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☑ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE   _Christopher Pasini_

DOCKET NUMBER

DATE
April 13, 2007

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

PURSUANT TO LOCAL RULE 83.11

1.  Is this a case that has been previously dismissed?   ☐ Yes
    ☑ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____


2.  Other than stated above, are there any pending or previously
    discontinued or dismissed companion cases in this or any other   ☐ Yes
    court, including state court? (Companion cases are matters in which   ☑ No
    it appears substantially similar evidence will be offered or the same
    or related parties are present and the cases arise out of the same
    transaction or occurrence.)

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

Notes :